IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC.,
FRANK HANNAN ROCK,
MATTHEW LUTZ, SHAWN WINRICH,
STEVE JENSEN and PAUL FISHER,

        Plaintiffs,

    v.

CITY OF MADISON, WISCONSIN,
JASON RAMIREZ, BERNIE GONZALEZ,
HARRISON ZANDERS, COLLEEN MICHELSON,
HEATHER DZICK and THOMAS HELGREN,

        Defendants.

Case No.:  11-CV-512-BBC

---

## ANSWER

---

Defendant City of Madison, Wisconsin, by its attorneys, Boardman, Suhr, Curry & Field LLP, answers plaintiffs' Complaint as follows:

1. Paragraph 1 states a legal conclusion and requires no response.

2. Paragraph 2 states a legal conclusion and requires no response.

3. Admits.

4. Paragraph 4 states a legal conclusion and requires no response.

5. Admits the first sentence and lacks knowledge and information sufficient to form a belief as to the remainder of the paragraph and accordingly denies.

6. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

7. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

8. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

9. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

10. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Admits.

17. Admits.

18. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

19. Admit five individuals were openly carrying handguns at Culver's restaurant on September 18, 2010, but otherwise lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

20. Admits Officer Ramirez was dispatched to Culver's after a citizen called in a report of armed individuals there, but otherwise denies.

21. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

22. Admits Officer Ramirez and another officer responded to Culver's in response to the 911 call reporting armed individuals there.

23. This paragraph incorporates a legal conclusion which the City denies.

24. Admits that Officer Ramirez asked the armed individuals to identify themselves so the officers could check to determine if they were legally prohibited from carrying firearms, but otherwise denies.

25. Admits that Officer Ramirez contacted Sgt. Gonzalez when two individuals openly carrying firearms refused to identify themselves.

26. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

27. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

28. Admits that Sgt. Gonzalez went to Culver's on September 18, 2010.

29. Admits three additional individuals who were openly carrying guns joined the two other individuals openly carrying guns at Culver's, but otherwise denies.

30. Admits that Officers Zanders and Dzick were dispatched to Culver's, but otherwise denies.

31. Admits.

32. Denies.

33. Denies.

34. Admits the five individuals openly carrying handguns were asked for identification so records could be checked to determine whether there was any prohibition on their possession of firearms, but otherwise denies.

35. Admits.

36. Admits Winrich was arrested after he refused to identify himself, but otherwise denies.

37. Admits as to Officer Zanders, but denies as to Officer Michelson.

38. Admits.

39. Admits background checks were run on the three armed individuals who identified themselves, but otherwise denies.

40. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

41. Admits.

42. This paragraph incorporates a legal conclusion which the City denies. Further answering, lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

43. Denies.

44. Denies.

45. Lacks knowledge and information sufficient to form a belief as to the truth thereof and accordingly denies.

46. Denies.

47. Denies.

48. Denies.

49. Denies.

50. Denies.

51. Denies.

52 to 59. Denies the legitimacy of plaintiffs' request for all identified forms of relief from any one or more defendants.

60. As a first separate and affirmative defense, alleges that plaintiffs' complaint fails to state a claim upon which relief may be granted as to some or all defendants.

61. As a second separate and affirmative defense, alleges that each individual defendant is protected by the defense of qualified immunity.

62. As a third separate and affirmative defense, alleges that Wisconsin Carry, Inc. lacks standing to bring this lawsuit.

63. As a fourth separate and affirmative defense, alleges that one or more plaintiffs has failed to mitigate damages.

64. As a fifth separate and affirmative defense, alleges that the conduct complained of was privileged.

65. As a sixth separate and affirmative defense, alleges that the City is not subject to suit under 42 U.S.C. § 1983 on a theory of vicarious liability.

66. As a seventh separate and affirmative defense, alleges that plaintiffs assert no claim for damages from defendant Helgren and he must be dismissed.

WHEREFORE, City of Madison, Wisconsin requests judgment dismissing plaintiffs' complaint with prejudice and granting the City its costs, disbursements and attorney fees as provided by law, together with such other relief as the Court deems equitable.

DATED: August 10, 2011.

        BOARDMAN, SUHR, CURRY & FIELD LLP
        By

        */s/ Catherine M. Rottier*
        Catherine M. Rottier, #1016342
        Richard L. Bolton, #1012552
        Attorneys for Defendant City of Madison, Wisconsin

        U.S. Bank Plaza, Suite 410
        1 South Pinckney Street
        P.O. Box 927
        Madison, Wisconsin 53701-0927
        (608) 257-9521
        crottier@boardmanlawfirm.com
        rbolton@boardmanlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

john.monroe1@earthlink.net

*/s/ Catherine M. Rottier*
Catherine M. Rottier, #1016342